IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BRANDY MILES** | * | |
| *Plaintiff* | * | |
| -vs- | * | CASE NO. 1:12-CV-00854 |
| **DAVITA RX, LLC, et al** | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' LETTER TO JUDGE, DATED JULY 25, 2013

Brandy Miles, Plaintiff, by and through her attorney, Mark E. Herman, hereby moves to strike Defendants' letter to Judge Catherine C. Blake, dated July 25, 2013, and in support thereof, says:

1. On July 25, 2013, Defendants' counsel sent a letter (the letter) containing arguments for a judgment in favor of Defendants on count 1 of the complaint to Judge Catherine C. Blake, long after this matter has been under consideration by the Court on all open motions.

2. The letter is a poorly disguised surreply offered in support of both their Motion for Summary Judgment and Opposition to Plaintiff's Partial Motion for Summary Judgment improperly filed as a letter to the judge. Aside from not actually being filed, the letter also fails to meet any of the rules of form set for motions and pleadings in rule 10 of the Federal Civil Judicial Procedure and Local Rule105(a):"Unless otherwise allowed by the Court, surreply memoranda are not permitted to be filed."

3. The Defendants rely on the holding of *Vance v. Ball State University* in their argument that James Seaver is not a supervisor, an argument which was previously advanced on two other prior occasions. However, *Vance* the Supreme Court defined the term "supervisor" for purposes of

determining the status of the harasser because under Title VII, an employer's liability may depend on the status of the harasser and because the statutory scheme does not define the term "supervisor". *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2446 (2013).

4. *Vance* had nothing to do with defining what are the characteristics of a supervisor who is obligated to report harassment or what is the level of supervision needed by Defendants' employee which would trigger that employee's obligation to report harassment or whether an individual similarly situated to Mr. Seaver is considered part of management so that knowledge to him satisfies the notice prong of the *Faragher/Ellerth* defense.

5. On the other hand, the letter does a marvelous job of reiteratating that Richard Rowe was Ms. Miles' "supervisor" by the definition established by *Vance* for this purpose and therefore would render DaVita Rx, LLC liable for Rowe's actions.

6. Defendants seek to use *Vance* to define "supervisor" in DaVita's company documents in order to utilize the *Faragher/Ellerth* affirmative defense. This defense requires that 1) the employer demonstrates reasonable care to prevent and correct and harassing behavior *and* 2) the plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the employer. *Id.* at 2437.

7. Defendants claim that by reporting to Seaver, rather than Rowe, Plaintiff failed to report to the "direct supervisor" required by DaVita's procedure. The affirmative defense requires an unreasonable failure by the plaintiff. It is hard to believe that reporting to Seaver was unreasonable, especially in a situation where an employee is reporting to multiple superiors. A procedure that would require an employee to discover the Supreme Court's definition of "supervisor" in order to be effectively practiced would be the unreasonable, if not unconscionable, aspect in this case.

8. Even if Defendants' argument that Plaintiff's reporting to Seaver was an unreasonable

failure gains traction, Defendants would surely fail to meet the first part of the Affirmative Defense. Through discovery, it became known that DeVita was not exercising reasonable care in it's prevention and correction of harassing behavior. Upon receiving Plaintiff's letter notifying DaVita of Rowe's behavior, no real investigation was launched. The other victims of Rowe's harassment, named in the letter, were never interviewed, no attempt to reschedule an appointment with Plaintiff was made; the complaint was never taken seriously. This is far from the reasonable care that would be required to fulfill the affirmative defense. Furthermore, DaVita tries to hide behind a protective procedure that fails when any member of upper management except *the* specific one is notified. This can hardly be reasonable care when *Dunbar v. County of Saratoga* found that, "an employer is considered to have notice of sexual harassment if the employer *or any of its agents or supervisory employees* knew or should have known of the conduct." *Dunbar v. County of Saratoga*, 358 F. Supp. 2d at 125 (Emphasis added.)Regardless of Defendants' argument about the definition of "supervisor," Seaver was an agent of DaVita.

8. The letter presents largely redundant arguments that have been presented many times over in previously submitted motions and oppositions and, despite its improper form and production, presents nothing new despite the over-analysis of *Vance*.

WHEREFORE, for the foregoing reasons, Plaintiff requests that the letter to Judge Catherine C. Blake, dated July 25, 2013, be stricken.

_____
MARK E. HERMAN
Attorney for Plaintiff
14 W. Madison Street
Baltimore, MD 21201
(410) 837-2144

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on this 9th day of August, 2013, a copy of the foregoing Motion to Strike was emailed, first class, postage prepaid to Michael Howard, Esq., and Suzanne W. Decker, Esq., Miles & Stockbridge, P.C., 10 Light Street, Baltimore, MD 21202-1487.

_____
MARK E. HERMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BRANDY MILES** | * |
| *Plaintiff* | * |
| -vs- | *   CASE NO. 1:12-CV-00854 |
| **DAVITA RX, LLC, et al** | * |
| *Defendants* | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER STRIKING DEFENDANTS' LETTER TO JUDGE, DATED JULY 25, 2013

Upon consideration of the Plaintiff's Motion to Strike Defendants' letter to Judge Cather C. Blake, dated July 25, 2013; it is by the United States District Court for the District of Maryland, this ____ day of _____, 2013,

ORDERED that the Defendants' letter to Judge Cather C. Blake, dated July 25, 2013 be and hereby is STRICKEN from the record.

_____
JUDGE